UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Howard O. Kieffer,

            Plaintiff,                                      **ORDER**
v.                                                       Civil No. 14-3192 ADM/LIB

Tundra Storage LLC, et al.,

            Defendants.

_____

Howard O. Kieffer, *pro se*.

Brooke D. Anthony, Esq. and Amelia R. Selvig, Esq., Anthony Ostlund Baer & Louwagie PA, Minneapolis, MN, on behalf of Defendants Tundra Storage LLC, Darryl Jorgenson, Tim Jorgenson, Tim Jorgenson Ent., and Darryl Jorgenson Realty, LLC.

Richard K. Hocking, Esq., Richard K. Hocking, PA, Lakeville, MN, on behalf of himself.

Brian M. Sund, Esq., Morrison Sund PLLC, Minnetonka, MN, on behalf of Defendants Rels Title and Teresa Warren.

Eric S. Johnson, Esq. and Robert R. Kanuit, Esq., Fryberger, Buchanan, Smith & Frederick, PA, Duluth, MN, on behalf of Defendants J.S. Realty, Inc. and Julie Sathers.

Michael W. Haag, Esq., Foley & Mansfield, PLLP, Minneapolis, MN, on behalf of Defendant E/Z Storage Co.

Jerome D. Feriancek, Esq., Thibodeau Johnson & Feriancek, PLLP, Duluth, MN, on behalf of Defendant Leanne Dedrick.

Scott A. Witty, Esq. and John D. Kelly, Esq., Hanft Fride PA, Duluth, MN, on behalf of Defendant Susan Ginsburg.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Howard O. Kieffer's ("Kieffer") Objection [Docket No. 92] to United States Magistrate Judge Leo I. Brisbois' May 18, 2015 Order [Docket No. 90]. In that Order, Judge Brisbois struck Kieffer's Second Amended Complaint [Docket No. 87] without prejudice. For the reasons stated below, Kieffer's Objection is overruled.

## II. BACKGROUND

On August 18, 2014, Kieffer, an incarcerated federal prisoner proceeding *pro se*, filed his original Complaint [Docket No. 1] and an application to proceed *in forma pauperis* ("IFP") [Docket No. 2]. Shortly thereafter on August 26, 2014, Judge Brisbois issued an Order [Docket No. 4] requiring Kieffer to pay a partial filing fee of $350.

Kieffer experienced a series of difficulties in making the partial filing fee payment. On October 21, 2014, the Court adopted Judge Brisbois' Report and Recommendation that the case be dismissed without prejudice for failure to prosecute due to non-payment of the filing fee. See Order [Docket No. 8]. Judgment was entered the following day on October 22. Kieffer moved for relief from judgment, arguing that he attempted to pay the filing fee on several occasions, but his transfers between correctional facilities resulted in the funds being returned to his prison trust account. Mot. Vacate [Docket No. 12]. Kieffer's trust account records [Docket No. 13-1] corroborated this, showing that he attempted to pay the filing fee several times, only to have the money returned by prison officials. Accordingly, the Court vacated judgment in a November 14, 2014 Order [Docket No. 14] and gave Kieffer until December 12, 2014 to pay the filing fee. The Order additionally questioned whether the Court had jurisdiction over the matter, citing diversity issues between the parties and cautioning that "[u]nder these circumstances, Kieffer should carefully consider whether to commit himself to spending $350 on pursuing this action in federal court." Order [Docket No. 14].

On December 12, 2014, the extended due date for his filing fee, Kieffer wrote to the Court and again reported problems in paying the amount, citing issues with the business office at his correctional facility. Letter [Docket No. 16]. Kieffer requested that the deadline be extended until mid-January. Id. On February 5, 2015, Kieffer filed a First Amended Complaint [Docket

2

No. 17].  On February 11, 2015, with no filing fee having yet been paid, Judge Brisbois again recommended dismissal for failure to prosecute.  Order [Docket No. 20].  A few days later, on February 17, the Court received Kieffer's filing fee [Docket No. 21].  Subsequently, Judge Brisbois vacated his Order recommending dismissal and granted Kieffer's IFP application.

Due to Kieffer's IFP status, he was entitled to have the defendant served by the United States Marshal.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  Defendants E/Z Storage, Julie Sathers ("Sathers"), J.S. Realty, Teresa Warren ("Warren"), Leanne Dedrick ("Dedrick"), Susan Ginsburg ("Ginsburg"), Tim Jorgenson, Tim Jorgenson Ent., and Richard Hocking ("Hocking") were each served with the First Amended Complaint between March 30 and April 1, 2015.  Returned Executed Summons [Docket Nos. 27, 58].  The summons were returned unexecuted as to Defendants Darryl Jorgenson Realty, Darryl Jorgenson, Ken Page, Rels Title, and Tundra Storage ("Tundra").[1]  Returned Unexecuted Summons [Docket No. 59].

Between April 13 and April 17, 2015, J.S. Realty, Sathers, Ginsburg, and E/Z Storage filed Answers to the First Amended Complaint [Docket Nos. 29, 31, 40].  On April 21, Tundra Storage, Darryl Jorgenson Realty, Darryl Jorgenson, Tim Jorgenson, and Tim Jorgenson Ent. (collectively the "Tundra Defendants") filed a Motion to Dismiss the First Amended Complaint [Docket No. 42].

The next day, on April 22, Hocking joined in the Tundra Defendants' Motion to Dismiss, and two days later, Ginsburg, Sathers, and J.S. Realty did the same [Docket Nos. 50, 60, and 67].  On May 6, Warren and Rels Title each filed an Answer to the First Amended Complaint [Docket Nos. 76, 77] and joined the Tundra Defendants' Motion to Dismiss [Docket No. 79].  On June 8,

---

[1] Although these summons were returned unexecuted, Defendants Darryl Jorgenson Realty, Darryl Jorgenson, Rels Title, and Tundra have entered appearances in this suit.  Some of these Defendants have contested service.

2015, Dedrick filed a separate Motion to Dismiss the First Amended Complaint [Docket No. 96]. Finally, E/Z Storage filed its own Motion to Dismiss the First Amended Complaint [Docket No. 111] on June 15.

On May 14, 2015, Kieffer filed his Second Amended Complaint [Docket No. 87]. On May 18, Judge Brisbois issued an Order [Docket No. 90] striking the Second Amended Complaint and declaring that the First Amended Complaint remained the operative complaint. In response, Kieffer filed a Motion to Reconsider [Docket No. 92], which the Court has since construed as an Objection to Judge Brisbois's Order. See Order [Docket No. 103].

### III. DISCUSSION

#### A. Standard of Review

The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996) (quotation and citation omitted). "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transam. Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

#### B. Amendment as a Matter of Course

Kieffer argues that he has the right to file his Second Amended Complaint as a matter of course. According to Kieffer, because the original Complaint was never served on any party, the First Amended Complaint was not an "amendment" under Federal Rule of Civil Procedure

4

15(a)(1). As a result, Kieffer argues that Rule 15(a)(1) grants him the right to amend his First Amended Complaint once as a matter of course. Kieffer maintains that because he filed his Second Amended Complaint within the time frame contemplated by Rule 15, it was properly filed as a matter of course. Kieffer's argument, however, misreads Rule 15.

Kieffer's confusion and argument regarding the application of Rule 15 is understandable, especially considering his original Complaint was never served and that the Court cautioned him about deficiencies in his original Complaint. However, even if Rule 15 was construed to allow the First Amended Complaint to be considered as the original pleading, Kieffer still needed leave to amend because the Second Amended Complaint was not filed within 21 days of the first responsive pleading. Defendants Sathers and J/S Realty filed an Answer to Kieffer's First Amended Complaint on April 13, 2015 [Docket No. 29], 31 days before the Second Amended Complaint was filed on May 14, 2015.[2] Rule 15(a)(1) allows a party to "amend its pleadings once as a matter of course within: (A) 21 days after serving it, <u>or</u> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), <u>whichever is earlier</u>." Fed. R. Civ. P. 15(a)(1) (emphases added). The Committee Notes on the 2009 Amendment further clarify that the 21-day time period designated in Rule 15(a)(1)(B) does not operate cumulatively. "If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." <u>Id.</u>

---

[2] Although the clerk's office received Kieffer's Second Amended Complaint on May 14, the record is unclear as to the date Kieffer mailed it. If Kieffer's incarceration qualifies him for the benefit of the "prison mailbox rule," as he argues, the Second Amended Complaint is considered filed on the date Kieffer mailed it. However, even if Kieffer mailed the Second Amended Complaint on May 8, the date on the cover letter, it was still "filed" 25 days after the first responsive pleading, outside the time allowed by Rule 15(a)(1)(B).

Trujillo v. City of Newton, Kan., No. 12-2380, 2013 WL 535747, at *1 (D. Kan. Feb. 12, 2013) is instructive to the situation presented here. In that case, the plaintiff brought a civil rights action against both city and county defendants. Id. The city defendants filed an answer to the plaintiff's original complaint on August 3, 2012. Id. The county defendants filed a motion to dismiss on August 10, 2012. Id. On August 31, 2012, 28 days after the city defendants' answer and 21 days after the county defendants' motion to dismiss, the plaintiff filed an amended complaint without leave of court, arguing that she was entitled to do so as a matter of course under Rule 15(a)(1). Id. Although the plaintiff met the 21-day requirement for the county defendants, the court held that plaintiff did not satisfy Rule 15(a)(1) to amend as a matter of course. In so finding, the court explained that "the plain language of the rule, as well as the advisory committee notes regarding the 2009 rule amendments, dictate that [p]laintiff's 21-day clock to amend as a matter of course began to run on August 3, when the [city] [d]efendants filed their responsive pleading." Id. Even though the answer and motion to dismiss were filed by different parties, the 21-day time period began to run at the filing of the earliest responsive pleading or motion under Rule 12(b), (e), or (f).

Such is the situation here. Although Kieffer may have filed his Second Amended Complaint within 21-days of certain Defendants' Motions to Dismiss, the first responsive pleading was filed on April 13, 2015. The time period in Rule 15(a)(1)(B) does not run cumulatively. The 21-day period to amend therefore began to run on April 13 and did not reset when subsequent pleadings and motions were filed. The time to amend as a matter of course expired on May 4, ten days before Kieffer's Second Amended Complaint was filed. Therefore, even if the Court were to construe Kieffer's First Amended Complaint as the original operative pleading in this matter, Kieffer still did not satisfy the requirements to amend as a matter of

course under the Rules. Kieffer's Objection is overruled.[3]

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Kieffer's Objection [Docket No. 92] is **OVERRULED**;

2. Kieffer shall file his single responsive memorandum in opposition to all Motions to Dismiss [Docket Nos. 42, 50, 60, 67, 79, 96, 111] by September 10, 2015;

3. All Defendants shall file replies to Kieffer's response by September 24, 2015.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 21, 2015.

---

[3] In his Objection, Kieffer argues that if the Court does not allow him to amend as a matter of course, the Court should construe his Second Amended Complaint as a Motion to Amend under Rule 15(a)(2). Judge Brisbois declined to do so in his order striking the Second Amended Complaint, citing that Kieffer failed to comply with the requirements of Local Rule 7.1(b). This conclusion is not clearly erroneous or contrary to law, as a *pro se* litigant is "not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) (citation omitted). If Kieffer wishes to file a Motion to Amend, he must do so in accordance with the rules.