UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard O. Kieffer, | Court File No. 14-cv-3192 (ADM/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tundra Storage, LLC, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

Plaintiff commenced the present action on June 18, 2014, by filing his Complaint, [Docket No. 1]. Plaintiff was granted leave to proceed in forma pauperis on March 2, 2015. (Order, [Docket No. 23]). More than 120 days after Plaintiff was granted leave to proceed in forma pauperis, Plaintiff had not provided proof of service of a summons and the Complaint on Defendant Ken Page. Accordingly, the Court issued an Order, [Docket No. 122], notifying Plaintiff that the Federal Rules of Civil Procedure require plaintiffs to demonstrate proof of service "within 120 days after the complaint is filed, [or] the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Pursuant to Rule 4(m), the Court directed Plaintiff to provide proof of service on Defendant Page or demonstrate good cause for an extension of time to serve Defendant Page, failing which the Court would recommend dismissal of Plaintiff's claims against Defendant Page for failure to effect proper service and failure to prosecute. (Order,[Docket No. 122]).

On July 31, 2015, Plaintiff filed a Response, [Docket No. 125], in which he requested an extension of time to demonstrate proof of service upon Defendant Page. On August 5, 2015, the Court entered an Order, [Docket No. 127], granting Plaintiff additional time until September 10, 2015, to provide proof of service upon Defendant Page or to demonstrate good cause for an additional extension of time to serve Defendant Page. The Court again forewarned Plaintiff that if he failed to comply with the Court's directives, the Court would recommend that Plaintiff's claims against Defendant Page be dismissed for failure to effect proper service and failure to prosecute. (Id.).

On September 8, 2015, Plaintiff filed a Request, [Docket No. 136], seeking a second extension of time to provide proof of service upon Defendant Page. On September 10, 2015, the Court entered an Order, [Docket No. 139], in which it granted Plaintiff a second extension of time until October 10, 2015, to provide proof of service on Defendant Page or to demonstrate good cause for an additional extension of time to serve Defendant Page. The Court in that Order, [Docket No. 139], again forewarned Plaintiff that if he failed to comply with the Court's directives, the Court will recommend that Plaintiff's claims against Defendant Page be dismissed for failure to effect proper service and failure to prosecute. (Id.).

On October 7, 2015, Plaintiff filed another Request, [Docket No. 143], seeking a third extension of time to provide proof of service upon Defendant Page. On October 15, 2015, the Court entered an Order, [Docket No. 152], in which it granted Plaintiff one last extension of time until November 6, 2015, to provide proof of service on Defendant Page. In the October 15, 2015, Order, [Docket No. 152], the Court warned Plaintiff that it would not grant further requests for extensions of time for Plaintiff to serve Defendant Page, and again forewarned Plaintiff that, if he failed to comply with the Court's directive, the Court will recommend that Plaintiff's claims

against Defendant page be dismissed for failure to effect proper service and failure to prosecute. (Id.).

November 6, 2015, has come and gone, and Plaintiff has not provided proof of service on Defendant Page. Therefore, pursuant to Rule 4(m), **IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Defendant Page, be **DISMISSED without prejudice**, for failure to effect service and for lack of prosecution, unless Plaintiff, within the 14-day period to object to this Report and Recommendation, provides proof of service on Defendant Page. See Widtfeldt v. Daugherty, U.S. Ct. App. No. 14-1907 (8th Cir. December 16, 2014) (*per curiam*, unpublished) (holding that the district court did not abuse its discretion in dismissing the action without prejudice when plaintiff failed to establish that he had properly effected service within 120 days after filing his complaint).

Dated:  November 23, 2015                                      s/Leo I. Brisbois
                                                               Leo I. Brisbois
                                                               U.S. MAGISTRATE JUDGE

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.